IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Washington Friends, LLC, David Max Furchgott, and Fetneh Askari-Fleischmann on behalf of themselves and all other property owners in Dockside Horizontal Property Regime covered by Defendant's Title Insurance Policy<br><br>Plaintiffs,<br><br>vs.<br><br>Chicago Title Insurance Company,<br><br>Defendant. | CASE NUMBER: 2:26-cv-01669-BHH<br><br>**COMPLAINT**<br>**DECLARATORY JUDGMENT and**<br>**CLASS ACTION** |

Plaintiffs above named, by their attorneys, hereby bring this class and representative action for a Declaratory Judgment against Chicago Title Insurance Company ("Defendant").

**NATURE OF THE ACTION**

1.      All allegations herein are based upon information and belief except those allegations which pertain to Plaintiffs or their counsel.  Allegations pertaining to Plaintiffs or their counsel are based upon, inter alia, Plaintiffs' or their counsels' personal knowledge, as well as Plaintiffs' or their counsel's own investigation.  Furthermore, each allegation alleged herein either has evidentiary support or is likely to have evidentiary support, after a reasonable opportunity for additional investigation or discovery.

2.      Plaintiffs bring this action on their own behalf and on behalf of all owners of Apartments who purchased their Apartments in said Dockside Horizontal Property Regime pursuant to the Master Deed for same and who purchased a Chicago Title

1

Insurance policy insuring their ability to use their Apartment against the Covered Risks listed in the policies issued by Defendant and as contemplated in said Master Deed.

3.      This class action seeks both a Declaratory Judgment and monetary damages due to, inter alia, Defendant's policy and practice of wrongfully denying coverage for the loss of the use of their Apartments as contemplated by the said Master Deed.

## PARTIES

4.      Plaintiff Washington Friends, LLC is a Limited Liability Corporation organized and existing under the laws of the State of South Carolina.

5.      The sole members of Plaintiff Washington Friends, LLC are Fetneh Askari-Fleischmann and David Max Furchgott who are also the owners of said LLC.

6.      Defendant Chicago Title Insurance Company is a corporation organized and existing under the laws of the state of Florida and at all times engaged in the business of issuing title insurance to homeowners to ensure each has good and marketable title to their homes and the full use and enjoyment of their Apartments as contemplated by the Master Deed.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this case pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the aggregated claims of the individual class members exceed the sum of $5,000,000, exclusive of interest and costs; there are more than 100 putative class members defined below; and there are numerous members of the proposed class who are citizens of a state different from Defendant.

8.     The class referred to above is so numerous that joinder of all members is impractical; there are questions of law and fact common to the class under a state of fact common to the class members, which will entitle each class member to relief and, as such, the claims of the representative party are typical of the claims of the class.

9.     Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for party opposing the class or adjudications with respect to an individual class member would, as a practical matter, substantially impair or impede the ability of other class members to protect their interests.

10.     This is also an action for declaratory judgment, under 28 U.S.C. §§ 2201–2202 and Fed. R. Civ. P. 57, arising from the Defendants' failure to acknowledge coverage and failure to pay a covered claim under a Title Insurance Policy insuring a condominium building and its townhomes due to direct physical loss to the property.

11.     Venue is proper in this Division pursuant to 28 U.S.C. § 1391(b) because Defendant entered into its contract with Plaintiff in this District; Defendant breached its contract in this district; Defendant regularly conducts business in this District; and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## **FACTS GIVING RISE TO THE CLAIMS**

12.     Dockside is an eighteen (18) story Tower designed to include One-hundred and twenty-one (121) Apartments and twenty-one (21) adjoining Townhomes. It is located on the Cooper River waterfront in downtown Charleston. It was constructed in

the mid-1970's. The Master Deed for Dockside was recorded in the office of the Register of Deeds for Charleston, SC on May 25,1976.

13.     While designed with 121 Apartments, due to the combination of some units with others there are now 116 Apartments.

14.     The Plaintiffs are owners of Apartment 16 D in the Dockside Tower that was their primary residence.  Plaintiffs seek to represent all owners of Apartments (units) and Townhomes in the Horizontal Property Regine known as Dockside.

15.     In early 2023, the Dockside Association, Inc. engaged the structural engineering firm Wiss, Janney, Elstner Associates, Inc. (hereinafter "WJE") to inspect the HOA building to assess its structural integrity.

16.     On February 25, 2025, WJE issued its report. In said report, WJE reported on its activities and findings to that point in time.  WJE concluded the Tower Apartments and Townhomes could no longer be safely occupied for their intended purposes due to the imminent danger of structural failure and collapse.

17.     As a result, the City of Charleston, South Carolina issued an order requiring that Plaintiffs and all class members vacate the "premises" which included all Apartments located in the Dockside Tower and Townhomes resulting in the prohibition of the use of the Apartments and Townhomes as contemplated by the Master Deed.

18.     The Order to vacate is now permanent, and the building and its units will no longer be safe to be occupied for their intended purpose – residential condominium units.

19.     Plaintiffs' policy purchased from Defendant, and the policy of all class members sold by Defendant, describe the insured premise for each policy. Each policy

insures Plaintiffs and all class members against actual loss, including any costs, attorneys' fees, and expenses provided under the policy for the loss from one or more of the covered risks set forth in the policy, all as more fully set forth in said policies.

20.    The policy insures the insureds "against actual loss resulting from certain Covered Risks."

21.    Covered Risk 5 is as follows:

5. Someone else has the right to limit Your use of the Land.

22.    "The Land" is defined in the policy as "Apartment 16-D" and "the undivided interest in the common elements …."

23.    The policy contains Exclusions and Exceptions, none of which apply to the Loss incurred by the Plaintiffs.

24.    As a result of the foregoing events, Plaintiffs are no longer able to use their Apartment as contemplated by the said Master Deed.

25.    Under the circumstances present, coverage is afforded under Plaintiffs' policy and the policy of all class members for their loss.

26.    Plaintiffs and, on information and on belief, several class members have duly made proper claim for the payment of benefits under the policies provided by Defendant for title insurance and provided sufficient information to support such claims.

27.    Defendant has denied coverage, on grounds that apply to the class identified, so that final declaratory relief is appropriate respecting the class as a whole due to the common questions of law and/or fact which predominate over any questions affecting only individual members.

28.     A class action is superior to all other available methods of fairly and efficiently adjudicating the controversy so as to preserve judicial  resources as much as possible, considering the class members lack of interest in individually controlling the prosecution of separate actions; the desirability of concentrating the litigation on the claims in this court and that difficulty in managing a class action will be minimal.

29.     The named Plaintiffs are representative parties for the class and are able to and will fairly and adequately protect the interest of the class. The attorneys for Plaintiffs are experienced and capable in litigation in the field of insurance contracts and have successfully represented Plaintiffs in other litigation concerning insurance contracts; the attorneys designated as counsel for Plaintiffs will actively conduct and be responsible for the Plaintiffs' case.

**WHEREFORE**, Plaintiffs pray for themselves and all other members of the class that;

1.     The court declare this action to be a plaintiff class action properly maintained pursuant to Rule 23 in the Federal Rules of Civil Procedure.

2.     That the rights of the class members for determination of their rights under their respective insurance policies, all similar to Plaintiffs' policy, be adjudicated and coverage declared to be provided under the Defendant's policies for each class member.

3.     The Plaintiffs be awarded attorneys' fees in accordance with the policy provisions and law and that each class member be paid the respective amounts of each member's policy together with pre-judgment interest and costs and for such other and further relief as the court deems just and appropriate.

**MARK C. TANENBAUM, P.A.**

By:    s/Mark C. Tanenbaum
        MARK C. TANENBAUM (Fed Bar # 4017)
        mark@tanenbaumlaw.com
        W. Allison Smith Rogers (Fed Bar # 10610)
        allison@tanenbaumlaw.com
        1156 Bowman Rd., Suite 245
        Mt. Pleasant, S.C. 29464
        Telephone: (843) 577-5100
        Facsimile: (843) 722-4688

**BUNDY MCDONALD, LLC**

By:    s/Walter H. Bundy
        WALTER H. BUNDY, JR. (Fed Bar # 1598)
        walter@bundymcdonald.com
        M. Brent McDonald (Fed Bar # 10536)
        brent@bundymcdonald.com
        1516 Old Trolley Road, 2nd Floor
        Summerville, SC 29485
        Telephone: (843) 843-492-4134
        Facsimile: (843) 712-7318

**ATTORNEYS FOR PLAINTIFF**

April 22, 2026

7